(33 App. Div. 169.)

STERNE v. METROPOLITAN TELEPHONE & TELEGRAPH CO. et al.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

DISCOVERY—APPLICATION BY WITNESS FOR STAY.

An officer of a corporation against which an action is pending, and who has been duly required by an order therein to appear and be examined as a witness before trial, has no standing to move for a stay of proceedings under the order, or to question the materiality of the issues as to which he was required to answer, or to appeal from an order denying his motion for a stay.

Appeal from special term, New York county.

Action by Simon Sterne against the Metropolitan Telephone & Telegraph Company. From an order denying a motion for a stay of proceedings, John H. Cahill appeals. Dismissed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

James C. Carter, for appellants.

William B. Hornblower, for respondent.

RUMSEY, J. Before the 6th of August, 1896, this action was at issue by the service of an answer. On that day proceedings were taken by the defendant for dissolution, pursuant to section 57 of the stock corporation law. Laws 1896, c. 932. Of these proceedings, however, the plaintiff had no notice. On the 5th of November, 1896, an order was made in the action requiring John H. Cahill, who is the secretary and a director of the defendant, to appear and be examined as a witness before trial, pursuant to section 873 of the Code of Civil Procedure. Subsequently, and on the 30th of March, 1897, the order was vacated upon the application of the defendant; but upon an appeal to this court the order vacating the order for examination was reversed, and the original order was reinstated. No suggestion was ever made by the defendant that proceedings for its dissolution had been taken, and that the action abated, or that for that reason the order for examination of its officers should be set aside. Pursuant to the order of this court reinstating the order for examination, Cahill was directed to appear before a referee on Thursday, February 3, 1898, for examination; but, instead of appearing pursuant to that direction, he applied for an order staying all proceedings under the order for an examination, because, as he says, he desired to be protected from the unnecessary burden and annoyance of it, and not to be required to give testimony relating to an issue which is no longer material. He therefore procured an order to show cause why those proceedings should not be stayed. He does not set up that the order is not regular and valid, nor does he deny that it was properly served upon him. Upon the hearing the court below denied his motion, and refused a stay of proceedings, and from that order this appeal is taken.

It is difficult to conceive by what right a witness upon whom a subpœna has been served, or who has been directed in any other proper and legal way to appear for examination, should take upon himself to insist that the action in which he has been summoned to appear is no longer pending, or to question the materiality of the issues as to which he was required to answer. If such a proceeding should be permitted, it is quite evident that there could never be any end to an action at law, and that it would never be practicable to procure the attendance of an unwilling witness so long as there were courts to which he could resort to set aside the subpœna or to avoid the examination. The witness claims that by the dissolution of the defendant corporation the action was abated. If it were any concern of his to examine into this question, it might be necessary to discuss it; but it is sufficient to say that as he is not a party to the action he is not in a position to ask for any determination as to the rights that exist be-

tween those who are parties to the action, or as to the situation of their litigation. There, therefore, was no warrant or propriety in this motion on his part for a stay of this examination. He had no standing in court to make any such application, nor has he any standing in court to take this appeal. No relief is asked against him in the action, he is not in any way affected by the result of it, and he was not aggrieved in any legal sense by being required to appear for examination, any more than any other witness is upon whom a valid subpoena has been served. Doubtless it would be inconvenient to this gentleman to obey the subpoena, as it is to other gentlemen; and it may be that, if he were put upon the witness stand, he would be required to state facts which would impose a liability upon the company of which he is a director, but such inconveniences must be endured when the interests of litigants require that people shall come upon the stand and give testimony, and it could never be endured that every witness who is subpoenaed should be at liberty, before he obeyed the subpoena, to examine into the right of parties to maintain the action, and to raise the question of the materiality of the issues. This appellant had no standing either to make the original motion, or to maintain this appeal.

For this reason his appeal must be dismissed, with $10 costs and disbursements. All concur.